Cause No. 2012-61160-393

| | | |
|---|---|---|
| GEORGE EBERTIN<br>  Plaintiff | § § § | IN THE DISTRICT COURT |
| v. | § § | DENTON COUNTY, TEXAS |
| TEXAS WOMAN'S UNIVERSITY<br>  Defendant | § § | 393 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes George Ebertin ("Ebertin" or "Plaintiff") and files this Original Petition against Texas Woman's University ("TWU" or "Defendant"), and respectfully shows the court the following:

### I.   Discovery Control Plan

1. Plaintiff pleads that discovery should be conducted as a Level Three Discovery Control Plan under TRCP 190.4.

### II.   Parties

2. Plaintiff is an individual residing in Denton County, Texas. The last four numbers of his social security number are: 8060, and the last three numbers of his driver's license are: 310.

3. Defendant, TWU, is a public university located in Denton, Denton County, Texas. It may be served through: **Dr. Ann Stuart, President, 304 Administration Drive, Denton, TX 76204.**

---

Plaintiff's Original Petition                                                                 Page 1

### III. Jurisdiction

4.  Jurisdiction is proper in the district court of Denton County, Texas, because Plaintiff's claims, exclusive of interest and costs, exceed the minimum jurisdictional limits of this court.

5.  TWU is subject to both general and specific jurisdiction in Texas because it is a Texas public university and the acts and/or omissions giving rise to this cause of action occurred in Denton County, Texas.

### IV. Venue

6.  Pursuant to Texas Civil Practice & Remedies Code, §§ 15.002(a)(1) and (3), venue is proper in Denton County because all or a substantial part of the events or conditions giving rise to Plaintiff's claims occurred in Denton County, Texas.

### V. Facts

7.  Plaintiff has suffered from a chronic pain condition for almost 30 years. The condition is not curable, has not responded to anti-inflammatories, has resulted in numerous surgeries and rehabilitation periods. This chronic condition substantially affects Plaintiff's life activities, including social, occupational and recreational abilities.

8.  Despite the ongoing and debilitating condition, Ebertin completed his undergraduate studies at Stanford and began doctorate work at TWU in the fall of 1996.

9.  In the fall of 1997, Ebertin underwent surgery on his right knee.

10. In the fall of 1998, Ebertin was referred to the Mayo Clinic in Minnesota for extensive rehabilitation and resulted in missed classes.

11. Again in the spring of 1999, Ebertin returned to the Mayo Clinic for another week of treatment.

12. In late spring of 1999, Ebertin injured his shoulder and had rotator cuff surgery during the summer. He had rehabilitation in the fall of 1999.

13. In the spring of 2000, Ebertin had wrist surgery.

14. Over the summer of 2000, Ebertin developed bilateral pain on the bottoms of both feet. Ebertin permanently lost the ability to run.

15. In the fall of 2000, Ebertin had surgery on his left elbow.

16. Plaintiff continued to have pain throughout his body and required spinal fusion surgery in February, 2002, which necessitated a long recovery.

17. All of these treatments and surgeries required multiple visits to doctors and clinics in addition to each surgical event.

18. Despite the extensive medical problems, Ebertin attempted to continue his doctoral studies and also teach. However, by 2002, Ebertin was both physically and mentally exhausted.

19. Ebertin was not aware that medical leave from the doctoral program or any other kind of accommodation was ever an option.

20. For the next five years (2003 – 2008), Ebertin quit seeking help for his chronic condition and dropped out of school.

21. In February, 2009, Ebertin hoped that some new medicines were available, and sought treatment again.

22. In August, 2009, Ebertin returned to school for the fall semester. Unfortunately, the new medicines did not help him either and he learned that his condition was incurable.

23. Although undiagnosed at the time, Plaintiff became clinically depressed. Ebertin's school work and teaching job both suffered. He was overwhelmed, unable to cope, and still unaware that there might be services for him provided by TWU's Disability Support Services.

24. By January, 2011, after Ebertin's condition prevented him from completing required course work in a class, he was dismissed from the doctorate program.

25. Following that dismissal, Ebertin came under the care of a pain psychologist, rheumatologist and completed a pain management program at UT Southwestern.

26. In January, 2012, Ebertin requested readmission to the doctorate program with reasonable accommodations provided by student disability support services. TWU denied Ebertin's request.

27. As a result of his chronic condition, Plaintiff was and is disabled.

28. Defendant failed to make any attempt to offer Plaintiff any reasonable accommodations for his disability, despite knowing of his problems. Thus, TWU denied Ebertin the benefits of the public education provided to other, non-disabled TWU students.

29. Further, Defendant denied Plaintiff readmission because of his disability, in clear violation of the law.

## VI. Disability Discrimination

30. Plaintiff incorporates the allegations from above into this section.

31. Defendant is an entity covered under the ADA, Section 504 of the Rehabilitation Act of 1973, and Texas' discrimination laws.

32. Plaintiff is a qualified disabled individual.

33. Plaintiff is qualified for the program of Health Studies at TWU. With reasonable accommodations, Plaintiff was and is capable of completing his doctorate degree.

34. Defendant discriminated against Plaintiff by dismissing him from the program and failing to reasonably accommodate Plaintiff for his disabilities.

35. Defendant discriminated, and continues to discriminate, against Ebertin by refusing to readmit him to the program.

36. Defendant discriminated, and continues to discriminate, against Ebertin by refusing to allow accommodations which it allows to other kinds of disabled students.

37. Defendant's actions constitute a continuing violation of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, and Texas' discrimination laws.

### VII. Violation of the Fourteenth Amendment – Equal Protection Clause

38. Plaintiff incorporates the allegations from above into this section.

39. In the alternative and without waiving the foregoing cause of action, Defendant's actions constitute a continuing violation of the Constitution of the United States, Amendment XIV, by denying Ebertin equal protection of the laws.

40. TWU has treated similarly situated individuals differently than it has treated Ebertin.

41. TWU has no valid purpose for treating Ebertin differently than it has treated other similarly situated individuals.

42. Defendant's purposeful acts have resulted in a discriminatory effect on Plaintiff.

## VIII. Damages

43. As a direct and proximate result of TWU's unlawful treatment of Ebertin, he has suffered significant monetary damages, including, but not limited to, lost future wages, lost past tuition, emotional distress, consequential damages, and other compensatory damages.

44. Defendant's refusal to readmit Plaintiff and/or accommodate his disability were done either intentionally or with reckless indifference, thereby entitling Plaintiff to punitive damages.

45. To redress Plaintiff's injuries sustained as a direct result of Defendant's actions, Plaintiff retained the undersigned counsel to represent him in this suit. Therefore, Ebertin seeks recovery of his reasonable attorney's fees, experts' fees, and costs.

46. In addition, Plaintiffs seeks pre- and post-judgment interest.

## IX. Jury Demand

47. Plaintiff demands a jury trial in accordance with TRCP 216.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer and that this case be tried, after which Plaintiff recover judgment from Defendant for the all types of damages indicated, pre- and post-judgment interest at the maximum amount allowed by law, costs of suit, attorney's fees,

and for such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

*Janet Payne*

**Janet M. Payne**
State Bar No. 24048717
2613 E. Hwy 377, Ste 103
Granbury, TX 76049
Ph: 682-936-4700
Fax: 682-936-4701

Attorney for Plaintiff